# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| | |
|---|---|
| In re:    RENT-RITE SUPER KEGS WEST LTD <br><br> Debtor. <br><br> RENT-RITE SUPER KEGS WEST LTD, <br><br> Plaintiff <br><br> WORLD BUSINESS LENDERS, LLC, <br><br> Defendant | Case No. <br> 17-21236 TBM <br><br> Chapter <br> 11 <br><br><br> Adv. Proc. No. <br> 18-_____-TBM |

## ADVERSARY COMPLAINT

Plaintiff Rent-Rite Super Kegs West, Ltd., the Debtor-in-Possession ("Plaintiff"), by and through its undersigned attorneys, and for its Complaint against World Business Lenders, LLC ("WBL" or "Defendant") states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is the Chapter 11 debtor in the above-captioned bankruptcy proceeding currently pending before this Court (the "Bankruptcy Proceeding").

2. Upon information and belief, Defendant WBL is New York limited liability company with a principal place of business as 101 Hudson St., 33rd Fl., Jersey City, NJ 07302. WBL filed a proof of claim as a creditor in the Bankruptcy Proceeding.

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(A), (B), (C), (F) and (O).

4. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. This adversary proceeding is commenced pursuant to Rule 7001(7) and (9) of the Federal Rules of Bankruptcy Procedure.

6. The Plaintiff consents to entry of final orders or judgment by the bankruptcy court on each claim, counterclaim, cross-claim, or third-party claim.

## GENERAL ALLEGATIONS

7. Plaintiff is engaged in the business of renting or leasing party equipment.

8. On December 11, 2017, Plaintiff filed a petition with this Court for relief under Chapter 11 of the U.S. Bankruptcy Code (the "Petition").

9. Since the Petition date, Plaintiff has operated its business as a debtor-in-possession pursuant to section 1107(a) and 1108 of the U.S. Bankruptcy Code.

10. On February 26, 2018, Defendant WBL filed a Proof of Claim in the amount of $658,652.95, claim 27-1.

11. WBL's claim is premised upon a Business Promissory Note and Security Agreement (the "WBL Note") executed on April 19, 2016 in the principal amount of $550,000.00. The Note was between CMS Facilities Maintenance, Inc. ("Borrower") as Borrower and the Bank of Lake Mills as Lender

12. The WBL Note is secured by a Deed of Trust on real property previously owned by Yosemite Management, LLC ("Yosemite Management") and now owned by the Plaintiff, described as:

> LOTS 8 THROUGH 31, BLOCK 1, COLFAX SQUARE, AND THE VACATED WEST 10 FEET OF AKRON STREET ADJACENT THERETO, VESTED IN THE OWNER OF SAID LOTS 8 THROUGH 31 BY VIRTUE OF ORDINANCE NO. 61-4 OF THE CITY OF
>
> AURORA RECORDED JANUARY 24, 1964 IN BOOK 1492 AT PAGE 240, COUNTY OF ARAPAHOE, STATE OF COLORADO
>
> also known by street and number as: 1400 YOSEMITE ST, DENVER, CO 80220 (the "Property").

13. Paragraph 16 of the Deed of Trust provides that the agreement shall be governed by federal law and the law of the jurisdiction in which the Property is located.

14. The terms of the WBL Note are as follows: (i) repayment of the principal amount of $550,000 commencing on April 25, 2016 and on each business day thereafter until April 24, 2017; (ii) interest rate at 0.33112328761% per day of the unpaid balance; (iii) daily payments equaling $3,775.72, followed by a final payment of $3,771.34 on April 25, 2017.

15. The WBL Note is usurious on its face, providing for a default interest rate of 130.363% per annum.

16. On June 13, 2016, Bank of Lake Mills assigned the Deed of Trust to WBL.

17. The Note is alleged to have been in default since early 2017.

18. As a result of the default, on or around March 28, 2017, WBL filed a Complaint against Borrower and the Guarantors, seeking foreclosure upon the Property (the "Litigation"). The action was filed in Arapahoe County District Court, Case No. 2017CV30714. The Litigation was stayed upon Plaintiff's filing of the Petition.

19. Beginning in or around February of 2016, Thomas Wright ("Wright"), a Guarantor on the Note, made several attempts to resolve the outstanding balance. After being served with the Complaint in the Litigation, Wright contacted WBL and offered to remit payment in full if the interest rate was recalculated at a rate in compliance with Colorado law. WBL refused.

20. At the time the Litigation was commenced, according to the WBL Complaint filed, the amount due under the WBL Note was "the sum of $283,811.01 on the principal; interest through February 1, 2017 in the amount of $29,401.93; NSF fees of $1,575.00; prepayment penalty of $4,264.03; plus accrued interest therein from February 1, 2017."

21. The WBL Proof of Claim states that the default amount due and owing is currently $658,652.95. The Proof of Claim further identifies an annual interest rate of 120.86%.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment)**

22. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

23. C.R.S. § 5-12-103 provides that the maximum allowable interest rate is forty-five percent per annum.

24. The WBL Note provided for a default interest rate of 130.363% per annum.

25. Based on this usurious interest rate, the Borrower and Guarantors subject to the WBL Note would be forced to pay WBL a total amount that included interest well exceeding the legal limit.

26. The Borrower and Guarantors were unable to make payments under the WBL Note and defaulted.

27. Pursuant to the usurious terms of the WBL Note and Borrower's and Guarantors' inability to pay, Plaintiff has suffered damages as a result of WBL seeking to foreclose on the Property.

28. The filing of the foreclosure and the WBL Proof of Claim constitute an attempt to collect a usurious debt and present a justiciable dispute. Plaintiff therefore seeks a declaration as to extent, priority, and validity of lien, if any, based on the terms of the WBL Note Deed of Trust, and a declaration that the interest charged under said note is usurious as defined in C.R.S. § 5-12-103, and for such other relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF
### (Objection to and Disallowance of WBL's Proof of Claim, 11 U.S.C. § 502)

29. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

30. On February 26, 2018, WBL filed a Proof of Claim in the amount of $658,652.95. [Claim 27-1].

31. Section 502(b) of the Bankruptcy Code provides a number of grounds on which a portion of a claim may be disallowed, including where "such claim is unenforceable against the Plaintiff and property of the Plaintiff, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

32. Pursuant to applicable state law, C.R.S. § 5-12-103, WBL's claim for interest charged on the WBL Note is usurious in excess of the lawful amount that can be charged.

33. Pursuant to the Plaintiff's foregoing objection, WBL's Proof of Claim should be disallowed pursuant to 11 U.S.C. § 502(b)(1).

34. Plaintiff hereby reserves the right to further object to the Proof of Claim in the future on any additional ground and to amend, modify and/or supplement this objection.

## THIRD CLAIM FOR RELIEF
### (Equitable Subordination of Claim, 11 U.S.C. §510)

35. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

36. At all relevant times, WBL sought to collect from and have the Plaintiff pay a greater rate of interest than is allowed by Colorado law and WBL knew that the WBL Note was usurious and that Borrower and Guarantors were sustaining increasing financial losses resulting from their inability to pay. WBL nonetheless used its position of control to exact a greater compensation than allowed by Colorado law from the Borrower and Guarantors, in violation of the Colorado Criminal Code.

37. When Borrower and Guarantors were unable to pay the amounts due and owing under the WBL Note, WBL sought to foreclose on the Property now owned by Plaintiff.

38. All of the WBL's inequitable actions and conduct would serve to enrich WBL to the detriment of other creditors.

39. WBL's conduct resulted in an unfair advantage to WBL and injury to Plaintiff and other creditors. As such, its actions constitute illegal and inequitable conduct under the principals of equitable and statutory subordination.

40. Plaintiff requests the Court subordinate Defendant's entire Claim to those of general unsecured creditors.

41. Subordination of Defendant's Claim is not inconsistent with the provisions of the Bankruptcy Code.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Rent-Rite Super Kegs West, Ltd hereby prays for the following relief:

A. An Order determining the validity, priority, and extent of the claims and/or liens of Defendant World Business Lenders, LLC against the Property of the Plaintiff;

B. An Order disallowing the Proof of Claim filed by Defendant World Business Lenders, LLC;

C. An Order equitably subordinating the claims and/or liens of Defendant World Business Lenders, LLC against the Property of the Plaintiff. Or, in the alternative, an Order that any lien securing such a subordinated claim be transferred to the estate;

D. An award of post-judgment interest at the maximum legal rate;

E. An award of costs of suit and attorney's fees as provided by law; and

F. Any further relief in favor of Plaintiff that this Court deems just and appropriate.

Dated this 14th day of March 2018.

Respectfully submitted,

*/s/ Mark A. Larson*
Patrick D. Vellone, #15284
Mark A. Larson, #30659
1600 Stout Street, Ste. 1100
Denver, Colorado 80202
303-534-4499
pvellone@allen-vellone.com
mlarson@allen-vellone.com

ATTORNEYS FOR RENT-RITE SUPER KEGS WEST, LTD.