**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RENT-RITE SUPER KEGS WEST LTD | ) | Case No. 16-10407-TBM |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ______________________________ | ) | |
| | ) | |
| RENT-RITE SUPER KEGS WEST LTD, | ) | Adversary Proceeding |
| | ) | Case No. 18-01099-TBM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WORLD BUSINESS LENDERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT, WORLD BUSINESS LENDERS, LLC**
**ADDITIONAL LEGAL BRIEFING**

Defendant, World Business Lenders, LLC, through its undersigned attorney submits this its additional legal briefing in response to the Order of the Court dated March 13, 2019 (Docket #37) and would state:

The Court has requested the parties to submit supplemental legal briefing addressing a number of important questions and World Business Lenders, LLC responds as follows:

1. Does Federal Law govern the applicable interest rate?

The cases set forth by the Court – *Marquette Nat'l Bank of Minnesota v. First Omaha Ser. Corp* 99 S. Ct. 540 (1978) and *Stoorman v. Greenwood Trust Co.,* 908P.2d 1333 (Colo. 1995) resolves this question in favor of World Business Lenders, LLC. The *Marquette* case concluded the respondent (First National Bank of Omaha) was a national bank opened by the National Bank Act 2 U.S.C. §85 and thus was allowed to charge an interest rate allowed by its resident state even though that interest rate was greater than which was allowed or permitted in the underlying state.

The Fourth Circuit court of Appeals in *Discover Bank v. Varden* (2007, CA 4 Md.) 489 F.3d 594 held that12 U.S.C. §1831d completely preempted state law usury claims against state-chartered, federally named banks such as the *Bank of Lake Mills* in the case See also *Republic Bank and Trust Co. v. Kucan,* 245 Fed. App. 308 (4th Cir. 2007) which specifically found The Federal Deposit Insurance Act 12 U.S.C. § 1831d governs usury claims asserted against state-chartered banks.

The Colorado Supreme Court in the *Stoonman* case *supra* citing 12 U.S.C. §1831d state "with respect to interest rates, such State banks . . . may, notwithstanding any State constitution or statute which is hereby preempted for the purpose of this section, take, receive, reserve, and **charge on any note, bill of exchange or other evidence of debt interest at the rate . . . allowed by the laws of the State . . . . where the bank is located**. p. 136 (emphasis added.)

Because the Bank of Lake Mills is a "State Chartered" FDIC insured institution organized and existing under the laws of the State of Wisconsin it is allowed to charge an interest rate in excess of the Colorado usury rate.

Of a somewhat interesting note the *Marquette* case discussed the advent of the use of the convenience of modern mail in permitting a resident of one state to obtain loans from other states without being a resident of that particular state. The *Marquette* case was decided in 1978 and was now we see the advent of the convenience of obtaining loans through the internet. It is important to note the borrower in this case was a business which obtained the loan from the Bank of Lake Mills which specifically provided the legality, enforceability and interpretation of the law would be governed by the laws of Wisconsin.

2. If 12 U.S.C. § 1831d governs the applicable interest rates are some or all of the Plaintiff's claims asserted in the Complaint preempted by federal law?

All of the Plaintiff's claims asserted in its complaint are based upon the interest rate charged under the promissory note and being usurious under Colorado law. If 12 U.S.C. § 1831d governs the interest rate charged under the promissory note then all three of Plaintiff's claims cannot stand. The case cited by this Court *Beneficial Nat'l Bank v. Anderson*, 123 S. Ct. 2058 (2003) has clearly stated that a usury cause of action against a national bank is determined under federal law. 12 U.S.C. § 1831d applies equally to causes of action against state-chartered, federally insured banks. See *Varden supra*. Consequently, Plaintiff's claims are preempted by federal law.

3. If 12 U.S.C. §1831d does not govern the applicable interest rate, should the Court apply federal common law for choice of law it decides which state law governs?

Like the case cited by the Court, *Weinman v. McClusky (In re Weinman)* 2015 W.L. 1528896 (D. Colo. Mar. 31, 2015), plaintiff in this case has requested relief pursuant to 28 U.S,C, §1334 and §157(b)(2)(A),(B)(C), (F) and (O) as well as specific relief when 11 U.S.C. §502 and U.S.C. §510. The *Weinman* court concluded because federal question jurisdiction was

being invoked (See footnote 7) federal common law principle would be applied to resolve choice of law disputes. Similarly, in *Cyprus Amax Minerals Co v. TCI PAC. Communications, Inc.* 2012 U.S. Dist. Lexis 129577, 2012 W.L. 4006122 (N.D. Okla. Sept. 12, 2012) because suit was brought under 28 U.S.C. §1331, 42 U.S.C. §9601 and 18 U.S.C. §1367 therefore federal question jurisdiction was being invoked and this federal common law principle applied.

4. If federal common law for choice of law applies, what is the federal common law for choice of law that shall be utilized?

This court should adopt the choice of law of Wisconsin as stated by the U.S. Supreme Court in the case cited by this court *Seeman v. Philadelphia Warehouse Co.* 47 S. Ct. 626 (1927) it is immaterial whether the contract was entered into in New York or Pennsylvania the law that is to govern is the place of performance *i.e.* payment. As stipulated by the parties *i.e. Wisconsin.* Not only is performance to be made (payment in Wisconsin) but the parties specifically stipulated *Wisconsin* law would govern. *See also Baxter v. Beckwith*, 1913 Colo. App. Lexis 210 (Colo. App. 1913).

5. If neither 12 U.S.C. §1831d nor federal common law choice of law applies in this Adversary Proceeding and, instead Colorado choice of law principles apply, do any Colorado statutes, including C.R.S. 4-1-301 govern such choice of law determination?

C.R.S. §4-1-301 specifically provides that parties may agree that the laws of another state shall govern their rights or duties. The official comments to C.R.S. §4-1-301 provides three limitations to this provision. One relates to a consumer transaction where one of the parties is a consumer as defined in C.R.S. §4-1-201(ii) which defines consumer as an individual who enters into a transaction primarily for personal, family or household purposes. This is not applicable in this transaction.

The second limitation is if it is a wholly domestic transaction where in essence if the transaction is wholly domestic the party can designate the law of any state as applicable but not the laws of a foreign country.

The third limitation is if the transaction is to be contrary to the fundamental policy of Colorado. The offcial comment set forth in this limitation is to be a narrow exception and that the prime objective of contract law is to provide the parties with certainty as to their rights and liabilities. The official comment goes on to state contrary to fundamental policy does not apply to suit a parties notion of efficiency or fairness but is there for the prevention of a violation of some fundamental principle of justice, or concept of good morals. This is surely not the case.

As the court noted, the case of *Woods-Tucker Leasing Corp. v. Hutcheson-Ingram Development Co.* 642 F.2d 744 (5th Cir. 1981) ruled that the parties contracted choice of law provisions apply to usury issues. *See also Eccles v. Herrick,* 15 Colo. App. 350 (Colo. App. 1900); *Baxter supra.*

6. If neither 12 U.S.C. §1831d nor federal common law for choice of law applies and Colorado statutes do not control what is the Colorado choice of law principle applicable to

promissory note and allegations of usury?

Colorado courts have consistently held that parties may choose what state law will govern and control contracts. *See McKay v. Balnap Sav. Bank.* 59P. 745 (Colo. 1899). Absent special circumstances, courts will honor the contracted choice-of-law provisions. See *Lehman Bros. Holdings v. Universal Am. Mortg. Co.* 12 F. Supp. 3d 1355 (D. Colo. 2014). These special circumstances seem to be those enumerated in the official comments to C.R.S. §4-1-301 as set forth above. See the *Baxter Case supra* which allows parties to stipulate as to interest rates payable which would be contrary to Colorado law. Moreover the only other principle applicable would be whether or not such provision is contrary to public policy.

7. Has Colorado adopted Section 187, 188, 195 and 203 of the Restatement (Second) of Conflict of Law in the contest of promissory note and allegations of usury? If so, which section the Restatement (Second) of Conflict of Law is applicable in the context of promissory note and allocation if any?

The Colorado Legislature has not adopted Sections 187, 188, 195 and/or 203 of the Restatement (Second) of Conflict of Laws. However, the Colorado Courts do look at the Restatement (Second) of Conflict of Laws to answer conflict questions. *See Echostar Satellite Corp. v. Ultraview Satellite, Inc.*, 2009 U.S. Dist. Lexis 31685, 2009 WL 1011204 (D. Colo. April 15, 2009) and *AE, Inc. v. Goodyear Tire and Rubber Co.,* 168 P.3d 507 (Colo. 2007).

8. If Section 187 of the Restatement (Second) of Conflict of Laws applies, how is the Court to determine which policies (or statutes) as "fundamental" and which policies (or statutes) are not "fundamental."

The comments in Section 187 begin by stating the purpose behind allowing parties to choose the law of a particular state is to make it possible for the parties to know with a degree of certainty their rights and liabilities. Noting that by allowing parties to choose a particular state law they will have certainty and predictability of the results of the agreement.

The principle regarding a fundamental policy only comes into play if that state has a materially greater interest than the state of the choice of law. In this case the contract was entered into in the State of Wisconsin, negotiated in the State of Wisconsin, and performance and payments are to be made in the State of Wisconsin. It therefore can be argued that Colorado does not have a greater interest in the chosen law of the State of Wisconsin.

However, even assuming Colorado may have a greater interest in, the Restatement (Second) of Conflict of Laws provide that to be "fundamental" a policy must be a substantial one. Generally, such fundamental policy would be found in a statute which makes the contract illegal or designed to protect a person such as a minor.

As mentioned in the earlier memorandum of law parties may stipulate to interest rates according to the state law where the instrument is made even though that interest rate may be illegal under the laws of the other state. *See Baxter v. Beckwith,* 1913 Colo. App. Lexis 210

(Colo. App. 1913). and *Eccles v. Herrick*, 15 Colo. App. 350 (Colo. App. 1900).

As was mentioned in the earlier memorandum, Colorado does allow a per annum interest rate of 240% for pawnbrokers and 152% for payday lenders.

9. If Wisconsin law governs the substantive issue of the applicable interest rate and usury, is the Promissory Note usurious under Wisconsin Law?

Wisconsin statute §138.05 provides a maximum interest rate of 12% in most law but the statue specifically excepts from the usury statute loans to corporations or limited liability companies. The Wisconsin Appellate Court in *Wild Inc. v. Citizens Mort. In. Trust.* 290 N.W, 2d 267, (Wisc. Ct. App. 1980) stated, "Loans to companies are excluded from the protection of the usury statue because corporations are less likely to yield to the pressure of necessity and pay unwarranted interest rates" p.569. The court commented that at common law, no interest rate was illegal unless it was so great as to be unconscionable. The court further said the policy behind the exemption to loans to corporations is to allow corporations to attract capital and that corporations have a greater bargaining power than individuals and also because corporate shareholders are protected from liability on these loans.

The Wisconsin Court also stated usury statutes are in derogation to the common law.

In another Wisconsin Case, *First Wis. Nat'l Bank of Milwaukee v. Krammer,* 135 Wis. 2d 542, 401 N.W., 2d 27, (Wis. App. Ct. 1960), the Court held individuals personally liable as guarantors on corporate note which exceeded the statutory usury rate (corporate exemption) even where the evidence established the corporation was formed at the request of First Wisconsin as a condition for the loan so that a higher interest rate would be charged.

Conclusion

Because Colorado law allows parties to agree on what state law will govern and control a contract and this doctrine has been applied specifically as it relates to interest rates on promissory notes and pursuant to the argument set forth above and in the defendant's previous argument the laws of Wisconsin should govern the terms of the promissory note and the complaint of Rent-Rite Super Kegs West, LTD should be dismissed and judgment entered in favor of World Business Lenders, LLC>

Submitted this 1st day of April, 2019.

WILLIAMS, TURNER & HOLMES, P.C.

*/s/ Phillip J. Jones*
Phillip J. Jones

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2019, a true and correct copy of the **DEFENDANT, WOULD BUSINESS LEADERS, LLC ADDITIONAL LEGAL BRIEFING** was served on the following via electronic service and/or U.S. Mail, postage prepaid:

Patrick D. Vellone
Mark A. Larson
1600 Stout Street, Suite 1100
Denver, CO 80202

*/s/ Phillip J. Jones*
Phillip J. Jones, #20536