# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| | | |
|---|---|---|
| In re: | RENT-RITE SUPER KEGS WEST LTD | Case No. 17-21236 TBM |
| | Debtor. | |
| | | Chapter 11 |
| | RENT-RITE SUPER KEGS WEST, LTD, | |
| | Plaintiff | Adv. Proc. No. 18-1099-TBM |
| | WORLD BUSINESS LENDERS, LLC, | |
| | Defendant | |

## PLAINTIFF RENT-RITE SUPER KEGS WEST, LTD'S REBUTTAL TO DEFENDANT WORLD BUSINESS LENDERS, LLC'S ADDITIONAL LEGAL BRIEFING

Plaintiff Rent-Rite Super Kegs West, Ltd.'s ("Plaintiff" or "Rent-Rite"), by and through undersigned counsel, hereby submits the following Rebuttal to Defendant World Business Lenders, LLC's Additional Legal Briefing ("WBL Brief") [Doc. # 40]:

### ARGUMENT

**A.    12 U.S.C. § 1831d Is Inapplicable and There is No Preemption**

In the WBL Brief, WBL asserts that the cases cited by the Court in its March 13, 2019 Order (the "Order") [Doc. #37] should be resolved in WBL's favor.  WBL argues that "[b]ecause the Bank of Lake Mills is a 'State Chartered' FDIC insured institution organized and existing under the laws of the State of Wisconsin it is allowed to charge an interest rate in excess of the Colorado rate." (WBL Brief at p. 2).

As amply demonstrated in Plaintiff's Supplemental Brief [Doc. #37], § 1831d is inapplicable because the claims in those cases were brought directly against banking institutions.

1

The language of § 1831d demonstrates that the statute *only applies to claims brought against a State bank.* Plaintiff has brought claims against WBL, a non-bank and assignee to the Deed of Trust. Thus, Plaintiff submits that the case of *Meade v. Avant of Colorado, LLC,* 307 F. Supp. 1134 (D. Colo. 2018) is controlling. *See, e.g.,* Plaintiff's Supplemental Brief at pp. 9-11.

WBL further relies upon two cases from the Fourth Circuit, *Discover Bank v. Vaden,* 489 F.33d 594 (4th Cir. 2007.)) and *Republic Bank and Trust Co. v. Kucan*, 245 Fed. App. 308 (4th Cir. 2007). The cases relied upon by WBL in its Brief are likewise inapposite. WBL relies upon *Vaden*, stating that the case holds that "12 U.S.C. § 1831d completely preempt[s] state law usury claims ***against state-chartered, federally named banks such as the Bank of Lake Mills in this case.***" (WBL Brief, p. 2) (emphasis supplied). WBL likewise states that the *Vaden* Court stands for the proposition that "The Federal Deposit Insurance Act 12 U.S.C. § 1831d governs usury claims ***asserted against state-chartered banks.***" (*Id.*) (emphasis supplied).

In *Vaden*, *supra,* Discover Bank, a state-chartered bank, issued a credit card to Betty Vaden. Through its servicing affiliate Discover Financial Services ("DFS"), Discover Bank sued Vaden in state court over an unpaid credit-card balance. Vaden asserted various counterclaims against DFS (but not Discover Bank), alleging, among other things, that the interest rate on her credit card was usurious. Discover Bank then filed a § 4 petition in federal district court seeking to compel Vaden to submit her counterclaims to arbitration, in accordance with the terms of the credit-card agreement. Because the parties were not diverse, jurisdiction over the § 4 petition depended on the existence of a federal question. Discover Bank argued that there was a federal question because Vaden's state-law usury claim was completely preempted by the FDIA. Vaden argued, however, that her usury claim was asserted against DFS only. Because DFS is not a state-chartered bank, Vaden contended that her claims were not preempted by the FDIA. *Id.* at 597–98.

On appeal, the Fourth Circuit held that the FDIA completely preempted state-law usury claims against state-chartered banks. The Court concluded that the district court had properly determined that Discover Bank, the entity that had actually extended credit to Vaden, *was the real party in interest with regard to Vaden's usury claims*. The Court determined that because Discover Bank was a real party in interest, the fact that Vaden named only DFS in her counterclaim was not relevant. The Court concluded that the district court had subject matter jurisdiction over Discover Bank's § 4 petition, and we affirmed the district court's order compelling arbitration. *Id*. at 608.

In *Kucan, supra*, Advance America, a national "payday" lender, contracted with Republic Bank to act as its servicing and marketing agent in North Carolina. The loan agreements documenting each transaction explained that Republic Bank was the actual lender, while Advance America acted only as Republic Bank's marketer and servicer. The loan agreements included an arbitration clause requiring any disputes among the borrowers, Republic Bank, and Advance America to be submitted to arbitration. Plaintiffs obtained payday loans from Republic Bank through Advance America. They initiated a state court action against Advance America only, alleging that the loan transactions violated North Carolina's usury laws and its Consumer Finance Act. Republic Bank did not move to intervene in the state-court action, but instead an action in federal court, seeking to compel the borrowers to submit their claims to arbitration as required by the loan agreements. The borrowers moved to dismiss the action, arguing that the district court lacked subject matter jurisdiction because neither diversity nor federal question jurisdiction existed and because Republic Bank lacked standing to compel arbitration of claims to which it was not a party. The district court concluded that Republic Bank lacked standing to maintain the action and dismissed it without considering whether subject matter jurisdiction existed. The Fourth Circuit reversed the district court and held that the lender had standing to bring its action. However, the

3

Court remanded to the district court the issue as to whether the Republic Bank was a real party in interest as to borrowers' claims and whether the amount in controversy with regard to arbitration exceeded $75,000. *Id.* at 308.

In support of its holding, the Court discussed the holding in *Vaden*, stating the case "establishes that usury ***claims against state-chartered banks*** are completely preempted by the FDIA, and that such claims that are nominally asserted against a non-bank are preempted if a state-chartered bank in fact is the real subject of the claims asserted by the plaintiffs." *Id.* at 313 (emphasis supplied).  The Court went on to note that the determination was "a fact-specific one that we cannot make on the record before us …[and]… [t]he ultimate decision as to whether federal question jurisdiction is present thus cannot be made without remanding this case to the district court for resolution of this factual question."  *Id.*   Thus, the Fourth Circuit remanded so that the district court could conduct an inquiry to determine whether Republic Bank was the real party in interest with regard to the claims asserted by the plaintiffs.  *Id.*

Therefore, both the *Vaden* and *Kucan* cases stand for the proposition that the FDIA preempts state law claims that *are directed at or asserted against a state-chartered bank*.  In the present case, as set forth in Plaintiff's Supplemental Brief, there are no claims asserted against a state-chartered or national bank, but against a non-bank, WBL.  Furthermore, the fact that Bank of Lake Mills appears on the Promissory Note does not alter the analysis.  The status of an unnamed party, whether as a national bank or a state-chartered bank, does not bring WBL into the coverage of the FDIA.  *See, e.g., Meade, supra*; *see also Knox v. First S. Cash Advance*, WL 8159567, at *2 (E.D.N.C. May 19, 2005) ("[S]tatus of the unnamed parties, First National Bank in Brookings and Community State Bank, as a national bank and a state-chartered bank, respectively, does not bring Defendants within the coverage of either the NBA of the FDIA. Consequently, Defendants'

4

arguments that Plaintiffs' claims are completely preempted by the NBA and FDIA fail."); *Long v. Ace Cash Exp., Inc.*, 2001 WL 34106904 at *1 (M.D. Fla. June 18, 2001) (Finding the National Bank Act did not preempt Plaintiff's state law claims because defendant was not a national bank).

**B.      Whether Federal Common Law Applies**

WBL asserts that federal common law principles should be applied to resolve choice of law disputes.  (WBL Brief at pp. 2-3).  WBL relies upon the cases of *Weinman v. McCLusky (In re Weinman)*, 2015 W.L. 1528896 (D. Colo. Mar. 31, 2015), which case was relied upon in the Order, and *Cyprus Amax Minerals Co. v. TCI PAC. Communications, Inc.* 2012 U.S. Dist. Lexis 129577, 2012 W. L. 4006 122 (N.D. Okla. Sept. 12, 2012) because this case was brought under 28 U.S.C. § 1334, § 157, and 11 U.S.C. §§ 502 and 510.  *Id.*  Plaintiff does not dispute that this case was brought pursuant to federal statutes, however, as set forth in its Supplemental Brief, both federal and state law are implicated.  However, because this Court must interpret agreements that are subject of the Proof of Claim, the Court must look to state law. *In re Centrix Fin.*, LLC, 434 B.R. 880, 884 (Bankr. D. Colo. 2010).

WBL also asserts that this Court should adopt the choice of law of Wisconsin. (WBL Brief at p. 3)  WBL relies upon *Seeman v. Philadelphia Warehouse Co.*, 47 S. Ct. 626 (1927), which case was cited in the Order, for the proposition that "the law that is to govern is the place of performance *i.e.*, payment." (*Id.*)  WBL argues that "the parties specifically stipulated *Wisconsin* law would govern.) (*Id.*) (emphasis original), and further submits that payment was to be made to Wisconsin.  WBL is thus referring to the Promissory Note ("Note").  As set forth in Plaintiff's Supplemental Brief, Wisconsin only has a tangential relationship to this transaction.  Furthermore, the Note was executed by CMS Facilities Maintenance, Inc.  Neither Yosemite Management, LLC (the original owner of the Property) nor Rent-Rite (the current owner of the Property) executed the

Note.  Rent-Rite is subject to the terms of the Deed of Trust.  The Deed of Trust secures the Note obligation. The secured Proof of Claim is based upon the Deed of Trust. It is clear from the terms of both the Promissory Note and the Deed of Trust, that Colorado law (the law where the Property is located),  is the law the Court should apply to determine whether the interest rate set forth in the secured Proof of Claim complies with Colorado law.

**C.**     **C.R.S. § 4-1-301 Does Not Apply**

WBL asserts that § 4-1-301 applies to this case, relying upon the case of *Woods-Tucker Leasing Corp. v. Hutcheson-Ingram Development Co.*, 642 F.2d 744 (5ᵗʰ Cir. 1981), which case was relied upon in the Order.  *Woods–Tucker* involved two contracts structured as a sale and lease-back of farm equipment but intended as a loan secured by the farm equipment; both contracts contained Mississippi choice of law provisions. The borrower argued that the choice of law provisions were unenforceable, and the interest provisions usurious, under Texas law. Court found that although Texas had the most "significant contacts" with the transaction, Mississippi's contacts were sufficient to constitute a "reasonable relation" to the transaction within the meaning of Texas's version of the UCC, the Business and Commercial Code, § 1.105(a).  *Id.*

As set forth in Plaintiff's Supplemental Brief, the UCC is in applicable to this case because the Deed of Trust is a security instrument and not a negotiable instrument.  *See, e.g., Fiscus v. Liberty Mortgage Corp.*, 2014 COA 79, ¶¶ 47-49.   Likewise, courts in the Fifth Circuit since *Woods-Tucker* have determined that when a security interest is involved, the U.C.C. does not apply.  *See, e.g., Uniwest Mortgage Co. v. Dadecor Condominiums, Inc.*, 877 F.2d 431, 433 (5ᵗʰ Cir. 1989) (Court analyzed the *Woods-Tucker* opinion and found that a separate guaranty agreement, which guaranteed  a loan, is not considered a negotiable instrument and does not fall within the scope of the UCC); *Resolution Trust Corp. v. 1601 Partners, Ltd*., 796 F.Supp. 238,

6

240 (N.D.Tex.1992) (holding promissory note non-negotiable where deed of trust was incorporated by reference into promissory note); *Horton v. M & T Bank*, 2013 WL 6172145, at *4 (N.D. Tex. Nov. 22, 2013) (Finding that "a mortgage note is not 'within' the UCC because the Deed of Trust places a lien on real property, it is not governed by the UCC.") (internal citations omitted).

WBL's Proof of Claim is premised upon the Deed of Trust. Because a deed of trust is, by definition, a security instrument and not a negotiable instrument, WBL cannot be a holder in due course. *Fiscus*, 2014 COA at 47-49. Thus, the UCC is inapplicable to this case. Nor is Plaintiff aware of any other Colorado statutes (other than the usury statute) that would be applicable.

**D.    Colorado Has Adopted Sections 187, 188, 195, and 203 of the Restatement (Second) of Conflict of Laws**

The parties do not dispute that Colorado has adopted the Restatement (Second) of Conflict of Laws sections. Plaintiff therefore incorporates by reference the arguments set forth in its Supplemental Brief and Final Written Arguments.

**E.    Wisconsin Law Does not Govern the Substantive Issue of the Applicable Interest Rate and Usury**

Plaintiff incorporates by reference the arguments set forth in its Supplemental Brief and Final Written Arguments.

## I.    CONCLUSION

WHEREFORE, Plaintiff Rent-Rite Super Kegs West, Ltd hereby prays for the following relief:

A.    An Order determining the validity, priority, and extent of the claims and/or liens of Defendant World Business Lenders, LLC against the Property of the Plaintiff;

B.    An Order disallowing the Proof of Claim filed by Defendant World Business Lenders, LLC;

C.    An Order equitably subordinating the claims and/or liens of Defendant World Business Lenders, LLC against the Property of the Plaintiff. Or, in the alternative,

an Order that any lien securing such a subordinated claim be transferred to the estate;

D.     An award of post-judgment interest at the maximum legal rate;

E.     An award of costs of suit and attorney's fees as provided by law; and

F.     Any further relief in favor of Plaintiff that this Court deems just and appropriate.

DATED this 12th day of April 2019.

Respectfully submitted,

/s/ Patrick D. Vellone
Patrick D. Vellone, #15284
Jennifer E. Schlatter, #30626
1600 Stout Street, Suite 1100
Denver, Colorado 80202
Ph: 303-534-4499
pvellone@allen-vellone.com
mlarson@allen-vellone.com

ATTORNEYS FOR RENT-RITE SUPER KEGS WEST,
LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of April 2019, I caused the foregoing **PLAINTIFF RENT-RITE SUPER KEGS WEST LTD'S SUPPLEMENTAL BRIEF PURSUANT TO COURT ORDER DATED MARCH 13, 2019 [DOC. #37]**, to be served by CM/ECF pursuant to L.B.R. 5005-4(a), to the following:

Phillip J. Jones, Esq.
744 Horizon Court, Suite 115
Grand Junction, CO  81506

/s/Victoria Ray
Allen Vellone Wolf Helfrich & Factor P.C.